[Civ. No. 58934. Second Dist., Div. Three. Apr. 22, 1981.]

In re the Marriage of JEANETTE E. and CLARK E. PARKER, SR.
JEANETTE E. PARKER, Respondent, v.
CLARK E. PARKER, SR., Appellant.

COUNSEL

Harold J. Cohn, Anthony T. Carsola and Thomas S. Powers for Appellant.

Hugh John Gibson for Respondent.

OPINION

**COBEY, J.**—Clark E. Parker, Sr. (Husband) appeals from that portion of a minute order, dated March 4, 1980, made in the dissolution proceeding between the Parkers, excluding him from their family residence in Beverly Hills, pendente lite. This order is appealable as an order granting an injunction. (Code Civ. Proc., § 904.1, subd. (f).) It has not been stayed. (See Code Civ. Proc., § 917.7.)

We intend to reverse this order for reasons that follow.

FACTS

The Parker family residence is approximately 12,000 square feet in size and contains 3 suites of rooms. The Parkers have two children, a daughter, Alysia, now fourteen years of age, and a son, Clark, now five years of age. The trial court granted temporary legal custody of these

children jointly to the Parkers, but granted their temporary physical custody exclusively to their mother, Jeanette Parker (Wife).

The trial court also granted, in the order under review, Wife, pendente lite, sole and exclusive use of the family residence solely because of its physical child custody award therein and "for no other reason." In fact the order expressly states that its provision awarding Wife such use of the family residence is made pursuant to the court's award of physical custody of the children to her.

## DISCUSSION

■ In making this order granting Wife such exclusive use of the family residence, pendente lite, and thereby excluding Husband therefrom, as an incident to the court's contemporaneous child custody award, the trial court plainly exceeded its jurisdiction under the Family Law Act. (Civ. Code, § 4000.) The exclusion of a spouse from the family residence is, and has been at all times material herein, the subject matter solely of Civil Code section 5102, a section of the Family Law Act of which the child custody sections are also a portion. (See Civ. Code, §§ 4600-4607.) These child custody sections do not mention the kind of dwelling exclusion order that is before us. Plainly the Family Law Act must be construed so as to give harmonious effect to all of its provisions (see *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]) and the omission of any mention of a dwelling exclusion order in the child custody provisions of the act seems to us to indicate clearly that authorization for such an order under these provisions was never intended. (Cf. *People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1].) But, in any event, as a general rule, a special statute dealing with a particular subject prevails over a general statute covering the same subject (see *Lacy* v. *Richmond Unified Sch. Dist.* (1975) 13 Cal.3d 469, 472 [119 Cal.Rptr. 1, 530 P.2d 1377]; *Simpson* v. *Cranston* (1961) 56 Cal.2d 63, 69 [13 Cal.Rptr. 668, 362 P.2d 492]) and, therefore, authorization for the order under appeal may be found only in the aforementioned Civil Code section 5102.

Such authorization seems to have existed for this order when it was made. Section 5102 then provided in relevant part that a court in a dissolution proceeding was authorized to exclude either spouse from the family dwelling, pendente lite, "upon a showing that physical or emotional harm would otherwise result." (See Stats. 1973, ch. 987, § 3.) The record before us may be said to contain substantial evidence of

emotional harm to Wife from the presence of Husband ·with her in the family residence.

The problem is that after this order was made, section 5102 was amended, effective July 1, 1980 (Stats. 1979, ch. 795, § 4), to change the showing that must be made to obtain such an order. Now it must be shown that the spouse to be excluded has either assaulted or threatened to assault the other spouse as well as that physical or emotional harm would otherwise result to the other spouse or (now) to any person (including children) in that spouse's care, custody or control. Up to the time of the hearing, at the conclusion of which the order before us was made, Husband apparently had not been physically violent toward Wife and the record is also devoid of any threats of such violence made by him to her. Wife did testify, however, that the Parker children sensed the tension between their parents when they were together in the presence of the children and such togetherness on the part of the parents had a negative ·influence on the children.

In any event, it is quite evident that this record does not satisfy the current requirements of section 5102. In view of the very substantial change in the showing which now must be made to obtain this type of injunction, the current law, rather than the law in existence at the time the order was made, controls our disposition of this matter—that is, whether the injunctive order under appeal should be left in effect. (See *White* v. *Davis* (1975) 13 Cal.3d 757, 773, fn. 8 [120 Cal.Rptr. 94, 533 P.2d 222]; *Cal-Dak Co.* v. *Sav-On Drugs, Inc.* (1953) 40 Cal.2d 492, 496-497 [254 P.2d 497]; *American Fruit Growers* v. *Parker* (1943) 22 Cal.2d 513, 515 [140 P.2d 23].) It may not.

### DISPOSITION

The provision in the minute order under appeal granting Jeanette Parker sole and exclusive use of the Parker family residence in Beverly Hills, pendente lite, is reversed. Each party to this appeal shall bear his or her own costs.

Klein, P. J., and Potter, J., concurred.

A petition for a rehearing was denied May 21, 1981, and the judgment was modified to read as printed above.