Filed 9/9/14  Marriage of Boston CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Marriage of MASUMI and BRUCE BOSTON. | H039785<br>(Santa Clara County<br>Super. Ct. No. 6-12-FL009346) |
| MASUMI BOSTON,<br><br>     Respondent,<br><br>     v.<br><br>BRUCE BOSTON,<br><br>     Appellant. | |

Bruce Boston, in propria persona, appeals from the trial court's order granting his wife, Masumi Boston, exclusive use and possession of the family home.[1]  We conclude that Bruce has failed to provide us with an adequate record to review on appeal, and in any event, has failed to affirmatively demonstrate error.  We will affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Bruce and Masumi married in 1993 and had three children together.  Masumi sought dissolution of the marriage in November 2012.[2]  On January 22, 2013, the trial court entered an order regarding temporary visitation and support.  Bruce and Masumi

---

[1] Since the parties share the same surname, we will refer to them by their first names for clarity.  No disrespect is intended.

[2] There is nothing in the record that indicates a judgment of dissolution has been entered.

were given joint legal custody and joint physical custody, but Masumi was given primary physical custody.

Three days later on January 25, 2013, Masumi filed a request for a court order to grant her exclusive temporary use, possession, and control of the family home. Masumi's attached declaration alleged Bruce refused to move out of the family home upon their separation, forcing her and the parties' three children to live in a one-bedroom apartment. Masumi claimed that "Bruce's new lifestyle of multiple sexual partners he meets on the internet is not conducive to all of us living in the same house together." She further argued that the cost of housing where her children attended school was high, and it was in the children's best interest to live within their current school district.

Bruce filed a responsive declaration opposing Masumi's request, contending that she should not be granted exclusive possession and use of the family home. Bruce asserted that there was no reason why the parties could not live together in the family home, because there was no evidence of domestic violence or risk of harm to the children. Additionally, Bruce maintained that Masumi had moved out of the family residence out of her own personal preference, which did not give her justification to move the children out of the home. Bruce further insisted that granting Masumi exclusive use and possession of the home would amount to an illegal eviction. He also requested reconsideration of the current child custody orders.

On April 9, 2013, the trial court held a hearing on the matter. The transcript of the proceedings was not included in the record on appeal. After the hearing, the court ordered Masumi to have "exclusive use and possession of [the] family home effective 5-1-13." On June 11, 2013, the trial court entered a findings and order after hearing granting Masumi exclusive use and possession of the family home. The order clarified that Bruce could request up to $10,000 in additional funds for his relocation, and Masumi

2

was entitled to the same withdrawal amount.  In addition, Masumi and Bruce were ordered to meet and confer regarding personal property and exchange proposals.

On June 14, 2013, Bruce filed a notice of appeal over the court's order.

## DISCUSSION

On appeal, Bruce argues that the trial court erred in granting Masumi exclusive use, possession, and control of the family home.[3]  Preliminarily, we note that Masumi has not filed a respondent's brief.  Therefore, we " 'decide the appeal on the record, the opening brief, and any oral argument made by the appellant' (Cal. Rules of Court, rule 8.220(a)(2) . . .), examining the record and reversing only if prejudicial error is shown." (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.)

From the limited record before us, it appears the court awarded Masumi, pending entry of a judgment of dissolution dividing the community property, exclusive use, possession, and control of the family home effective May 1, 2013.[4]  While not specified in the order, a trial court is given the discretion to make this type of pendente lite order under Family Code sections 6340 and 6324.

Family Code section 6340, subdivision (a) states in pertinent part:  "(a) The court may issue any of the orders described in Article 1 (commencing with Section 6320) after notice and a hearing. When determining whether to make any orders under this subdivision, the court shall consider whether failure to make any of these orders may jeopardize the safety of the petitioner and the children for whom the custody or visitation

---

[3] While the issue of appealability is not raised in Bruce's opening brief, we note that "[w]hen a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken." (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.)

[4] There is no indication in the record that a judgment of dissolution has been entered.

3

orders are sought. . . ."[5] Family Code section 6324 authorizes a court to issue an order "determining the temporary use, possession, and control of real or personal property of the parties . . . ."

### Illegal Eviction

Bruce makes numerous arguments on appeal about how the trial court erred in making the order. First, he claims that the trial court's order was essentially an illegal eviction. We reject this argument, because the trial court was statutorily authorized to make an order granting a spouse exclusive use and possession of real or personal property owned by the parties. (Fam. Code, §§ 6324, 6340.) Therefore, it was not unlawful for the court to grant Masumi exclusive use and possession of the home.

### Trial Court's Bias and Lack of Sufficient Evidence

Bruce also maintains that the trial court lacked sufficient evidence to grant Masumi exclusive possession and use of the family home, because there is no evidence he ever physically assaulted or threatened her. He further claims the court discriminated against him on the basis of sex and religion.

In conducting appellate review, we presume that the lower court's judgment or order is correct, and "[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Accordingly, a party challenging a judgment or order has the burden to show reversible error, and must do so by supplying an adequate record for appellate review. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 575.) If

_____

[5] A spouse that seeks an ex parte order under Family Code section 6321 must show that the spouse to be excluded from the dwelling "has either assaulted or threatened to assault the other spouse as well as that physical or emotional harm would otherwise result to the other spouse" or to the children. (*In re Marriage of Parker* (1981) 118 Cal.App.3d 291, 294.)

4

the record is inadequate for meaningful appellate review, " 'the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) Therefore, if Bruce failed to provide an adequate record regarding any of the claims he now raises on appeal, his claims must be resolved against him. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

We conclude that Bruce has failed to provide us with an adequate record to allow a proper examination of his claims regarding the sufficiency of the evidence supporting the trial court's order. We note that even though Bruce appears in propria persona, his lack of counsel does not provide a basis for preferential treatment by this court. "A party proceeding in propria persona 'is to be treated like any party and is entitled to the same, but no greater consideration than other litigants and attorneys.' [Citation.] Indeed, ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

Here, Bruce failed to provide the reporter's transcript of the hearing conducted by the trial court on Masumi's request for exclusive possession of the home. When Bruce designated his record on appeal, he specifically elected to proceed without a record of the oral proceedings that took place. He further failed to provide an adequate statement of the evidence the trial court considered when making its determinations. By doing so, we are unable to discern what testimonial evidence was presented during the hearing and considered by the court.

"When no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. (*Ehrler v. Ehrler* (1981) 126

5

Cal.App.3d 147, 153-154.)" (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)  The record prepared by Bruce lacks the transcript of the hearing.  Since the judgment is presumed correct, we must assume that there was additional testimony or evidence presented during the hearing that would sufficiently justify the trial court's orders.  Therefore, Bruce has failed to meet his burden to affirmatively demonstrate error.

### *Modification of Child Custody Orders*

Bruce also claims the trial court erred in failing to modify the child custody orders, citing to Family Code section 3022, which allows a trial court, "during the pendency of a proceeding or any time thereafter, make an order for the custody of a child during minority that seems necessary or proper."  He asserts the trial court offered no explanation for its refusal to grant his request to reconsider the child custody order.  However, as previously noted, Bruce failed to include a transcript of this hearing on appeal, and we are therefore unable to evaluate this argument.  Additionally, the trial court's findings and orders from which he appealed makes no order regarding child custody.  Even if it had, it is well-settled that temporary child custody orders are not appealable.  (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556-565.)

We also reject Bruce's assertion that the trial court failed to issue a statement of decision.  "Upon the trial of a question of fact in a proceeding to determine the custody of a minor child, the court shall, upon the request of either party, issue a statement of the decision explaining the factual and legal basis for its decision pursuant to Section 632 of the Code of Civil Procedure."  (Fam. Code, § 3022.3.)  Nothing in the record indicates that Bruce requested a statement of decision from the trial court; therefore, Bruce has failed to show the trial court erred in this regard.

### *Additional Arguments*

Bruce makes several other contentions in his opening brief, all of which lack proper analysis.  He contends that his right to due process and his right as a parent to

6

have equal access to local educational resources provided by the state were violated.  He also claims that the court's order amounted to an unlawful increase in child support.  Lastly, he insists that the trial court's order constituted an unlawful deprivation of his property under the takings clause of the California and United States Constitutions.

However, the form of these arguments amount to nothing more than conclusory assertions followed by a summary of general abstract principles, devoid of citations to the record.  These arguments fail to provide any analysis as to how these legal principles and holdings apply to the case at hand.  Accordingly, we need not address these claims on appeal.  (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457-1458; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699.)

### DISPOSITION

The trial court's order is affirmed.  Because no respondent's brief was filed, appellant shall bear his own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____
                    Premo, Acting P.J.


WE CONCUR:




_____
        Elia, J.




_____
        Mihara, J.