[Civ. No. 33864. First Dist., Div. Four. Dec. 26, 1973.]

RONALD L. REEVES, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
BOARD OF TRUSTEES OF THE SAN MATEO UNION HIGH
SCHOOL DISRICT, Real Party in Interest.

## Counsel

Richard H. Perry for Petitioner.

No appearance for Respondent.

Keith C. Sorenson, District Attorney, and Jerome F. Coleman, Deputy District Attorney, for Real Party in Interest.

## Opinion

**DEVINE, P. J.**—Ronald L. Reeves, a permanent teacher in the San Mateo Union High School District, seeks a writ of mandate or prohibition to command the superior court to sustain a demurrer or otherwise to pre-

vent further prosecution of a lawsuit. The board of trustees of the district commenced the suit on October 16, 1970, seeking the court's decision that there were sufficient grounds for dismissing Reeves. Summary judgment in favor of the trustees having been granted, Reeves appealed. The judgment was reversed. Remittitur was issued on March 13, 1973.

On March 7, 1973, the statutory procedure for the dismissal of permanent teachers was changed. On this date chapter 361, Statutes of 1971, more commonly referred to as the Stull Bill, went into effect. Sections 13413-13437 of the Education Code were repealed, and sections 13404, 13412 and 13439 of the Education Code were substantially amended. In order to bring about the dismissal of a permanent teacher, it was no longer necessary for the governing board to file a complaint in the superior court. Instead, Education Code section 13412, as amended, provided: "When any employee who has been served with notice of the governing board's intention to dismiss him demands a hearing, the governing board shall have the option either (a) to rescind its action, or (b) *schedule a hearing on the matter.*" (Italics added.) The power to determine whether a permanent employee was subject to dismissal was transferred from the superior court to the Commission on Professional Competence. (Ed. Code, § 13413.) The role of the superior court in such dismissal proceedings was limited to judicial review of the commission's determination. (Ed. Code, § 13414.)

Petitioner contends, as he did by demurrer filed subsequent to the remittitur, that by reason of the repeal of and amendments to the statutes, as described above, the superior court was divested of jurisdiction except as to the reviewing process. We do not agree; we find continuing jurisdiction in the superior court of this pending cause.

First, there is the general principle that every statute will be construed to operate prospectively and will not be given retroactive effect unless the intention that it should have that effect is clearly expressed. This principle applies to legislation which limits a court's jurisdiction; it will not be applied to pending litigation, absent clear legislative expression. (*Berg* v. *Traeger,* 210 Cal. 323, 325 [292 P. 495]; *Dahlstet* v. *Dahlstet,* 272 Cal.App.2d 174, 179 [77 Cal.Rptr. 45]; *Architectural Tile Co.* v. *Superior Court,* 108 Cal.App. 369, 371-372 [291 P. 586]; *Willen* v. *Boggs,* 21 Cal.App.3d 520, 522, fn. 1 [97 Cal.Rptr. 917]; *Dillon* v. *Superior Court,* 98 Cal.App.2d 437, 438-439 [220 P.2d 553].)

Second, we consider the effect of a contrary holding. No dismissal proceedings (which were based upon past events) could be brought against

petitioner under the current law. Education Code section 13412 now provides: "When any employee who has been served with notice of the governing board's intention to dismiss him demands a hearing, the governing board shall have the option either (a) to rescind its action, or (b) schedule a hearing on the matter"; and Education Code section 13413 states: "In the event a hearing is requested by the employee, the hearing shall be commenced within 60 days from the date of the employee's demand for a hearing." In the instant case, petitioner demanded a hearing sometime in 1970. Thus, if the present law were applicable, the hearing should have been held some three years ago. Since this would have been impossible, and since this time limit appears to be jurisdictional in nature, dismissal proceedings probably could not be brought. Moreover, it appears that the governing board may not be able to avoid this result by filing a new notice of its intention to dismiss the petitioner. Education Code section 13413 also provides: "No testimony shall be given [at the hearing] or evidence introduced relating to matters which occurred more than four years prior to the date of the filing of the notice." And Education Code section 13407 states: "The governing board of any school district shall not act upon any charges of unprofessional conduct or incompetency *unless during the preceding term or half school year prior to the date of the filing of the charge, and at least 90 days prior to the date of the filing,* the board or its authorized representative has given the employee against whom the charge is filed, written notice of the unprofessional conduct or incompetency, specifying the nature thereof with such specific instances of behavior and with such particularity *as to furnish the employee an opportunity to correct his faults and overcome the grounds for such charge."* (Italics added.)

We discern no intention of the Legislature to annihilate causes of such importance, or even to subject them to possible defeat for untimeliness. Further indication that the Legislature did not intend to remove the court's jurisdiction in respect of pending causes is found in the provision that the statute, although enacted in 1971, was made effective as of March 7, 1973. (Stats. 1971, ch. 361, § 41.) Thus, by an enlargement of the usual span between passage and operation, the Legislature would appear to have wished to allow time for setting up new administrative processes even while pending causes would proceed. But it cannot be said that the Legislature intended an abrupt termination of such causes on the effective date of the statute. Some of the causes would be filed within the period of suspension—some, perhaps, shortly before March 7, 1973, and obviously not subject to completion by that date. Others would be at such stages as on trial, or awaiting the signing of findings; others, on appeal; others, such as the instant one,

so recently returned to the superior court by an appellate ruling that trial within the suspended period would be virtually impossible.

The petition for a writ of mandate or prohibition is denied. The alternative writ is discharged.

Rattigan, J., and Christian, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 21, 1974.