[Civ. No. 45437. Second Dist., Div. One. Feb. 10, 1976.]

GOVERNING BOARD OF THE PALOS VERDES PENINSULA UNIFIED SCHOOL DISTRICT OF LOS ANGELES COUNTY, Plaintiff and Respondent, v.
FAITH M. FELT, Defendant and Appellant.

**Counsel**

Trygstad & Odell and Lawrence B. Trygstad for Defendant and Appellant.

John H. Larson, County Counsel, and Audrey Oliver, Deputy County Counsel, for Plaintiff and Respondent.

---

## OPINION

**THOMPSON, J.**—Education Code section 13413 provides that if administrative proceedings are commenced to dismiss a permanently tenured teacher and a hearing is demanded, the hearing "shall be commenced within 60 days from the date of the . . . demand for a hearing." Government Code section 11509, applicable to administrative proceedings involving tenured teachers, states: "The agency shall deliver or mail a notice of hearing to all parties at least 10 days prior to the hearing."

■ In this appeal from a judgment granting a writ of mandate pursuant to Code of Civil Procedure section 1085, we conclude that Education Code section 13413 means what it says but that commencement of hearing within the statutory period was excused because the Commission on Professional Competence erroneously determined that the 10-day notice had not been given. Accordingly, we affirm a judgment ordering the commission to continue with a hearing demanded by a teacher threatened with dismissal.

### The Statutory Scheme

Education Code section 13403 establishes the grounds of dismissal of a tenured school district employee. Those grounds include "unprofessional conduct," "evident unfitness for service," and "persistent . . . refusal to obey the school laws . . . or reasonable regulations. . . ." Section 13407 of that code precludes a school district from acting upon a charge of unprofessional conduct or incompetence unless it has given the employee an opportunity to correct his faults by notice of the charges during the preceding term at least 90 days prior to the school district's proceeding further with action to dismiss. If the school district deems that the employee has not corrected his unprofessional conduct or incompetency or if it determines to dismiss him on other grounds, section 13404 of the Education Code requires that the governing board of the school district give notice to the employee of its intention to dismiss him at the expiration of 30 days unless the employee demands a hearing. Section 13405 requires that the notice be given at a time other than

between May 15 and September 15, that it be in writing, and that it be served upon the employee personally or by registered mail.

Education Code section 13412 provides that if the tenured employee demands a hearing, the governing board shall have the option of rescinding its action or of scheduling a hearing. Section 13413 states: "In the event a hearing is requested by the employee, the hearing shall be commenced within 60 days from the date of the employee's demand for a hearing. The hearing shall be conducted and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, and the Commission on Professional Competence shall have all the power granted to an agency therein . . . . [¶] . . . No testimony shall be given or evidence introduced relating to matters which occurred more than four years prior to the date of the filing of the notice."

Government Code sections 11505, 11506, and 11509 are included within chapter 5 of part 1 of division 3 of title 2 of that code. Section 11505 requires the service of an accusation upon the employee personally or by registered mail. Section 11506 permits the employee to file a notice of defense within 15 days after service upon him of the accusation. Section 11509 states: "The agency shall deliver or mail a notice of hearing to all parties at least 10 days prior to the hearing. The hearing shall not be prior to the expiration of the time within which the [employee] is entitled to file a notice of defense."

*Facts*

Faith M. Felt is a tenured teacher of the Palos Verdes Peninsula Unified School District. On April 25, 1973, she was given the notice of unprofessional conduct and incompetence required by Education Code section 13407. The district served a notice of intention to dismiss upon Mrs. Felt on January 8, 1974. On January 25, 1974, Mrs. Felt served her demand for a hearing. On February 20, the district served its notice of accusation upon her. On February 25, Mrs. Felt filed her notice of defense. On Thursday, March 7, 1974, the district mailed to Mrs. Felt a notice of hearing set for March 19 before the Commission on Professional Competence. While Mrs. Felt had given her address to the district as Suite 312, 1730 West Olympic Boulevard, the notice was addressed to Suite 304, 1730 West Olympic Boulevard. Insufficient postage was attached to the envelope containing the notice of hearing. On Monday, March 11, eight days before the date of the hearing, the notice was actually received by Mrs. Felt's agent who paid 20 cents postage due.

On March 19, Mrs. Felt appeared with counsel before the commission. Her counsel announced to the commission that he was specially appearing to object to the notice and accompanied that statement with a written "special appearance," motion to dismiss, and points and authorities. The hearing officer noted that the document had been filed "prior to the commencement of the hearing" and heard argument on the issues raised by it. Over objection of counsel for the district that Mrs. Felt had known of the date of the hearing for some time prior to the notice being sent, the commission determined that the date of the hearing should be continued. The commission refused to dismiss the proceeding as requested by Mrs. Felt.

At the request of counsel for the district, the commission again heard the matter on March 26. At that proceeding, the district sought a factual finding that the hearing had actually commenced on March 19. The commission determined that the hearing had not commenced on that date.

On March 27, 1974, the district filed the petition for writ of mandate which began the case at bench. The petition, filed pursuant to Code of Civil Procedure section 1085, sought an order of the superior court directing the commission to proceed with the hearing on the charges against Mrs. Felt. Concluding that the notice had been received in the ordinary course of mail and that it was hence legally adequate and that the 60-day period for commencing the hearing was not mandatory or jurisdictional, the superior court issued its peremptory writ of mandate requiring the commission "to forthwith commence the hearing in the matter of Faith Felt."

### Contentions

In this appeal from that judgment, Mrs. Felt contends: (1) the commission correctly determined that by reason of inadequate notice to Mrs. Felt the hearing could not commence on the date scheduled; (2) since the hearing did not commence within the 60-day period required by Education Code section 13413, the commission lacked power to proceed further on the accusation; (3) findings of fact of the trial court are not supported by substantial evidence; (4) the district's exclusive remedy is a petition in administrative mandate pursuant to Code of Civil Procedure section 1094.5 so that the proceeding pursuant to section 1085 of that code is improper; and (5) the district possesses an adequate remedy at law so that the trial court improperly proceeded by prerogative writ.

*Mandatory Time Limits*

The commission did not abuse its discretion and cannot be ordered to proceed on the accusation against Mrs. Felt if: (1) the requirement of Education Code section 13413 that a hearing on an accusation "shall commence" within 60 days from the date of the tenured employee's demand for a hearing is a mandatory limitation on commission action; (2) notice was not "mailed" 10 days before the hearing; and (3) the 10-day notice requirement of Government Code section 11509 is also a limitation on the power of the commission to commence a hearing.

Education Code section 36 and Government Code section 14 both state that: " 'Shall' is mandatory and 'may' is permissive." Ordinary deference to the Legislature entails that when in a statute it uses a term which it has defined as a word of art the term be given its legislatively defined meaning by the courts. Such, however, is not always the case in the use of the word "shall."

In *Cake* v. *City of Los Angeles*, 164 Cal. 705, 709-710 [130 P. 723], our Supreme Court said: ". . . It is a general rule of construction that the word 'shall' when found in a statute is not to be construed as mandatory, unless the intent of the legislature that it shall be so construed is unequivocally evidenced. This evidence, found in the statute itself, may be of different kinds. It may be found in a declaration that the word is of mandatory import . . . . It may be evidenced by negative words forbidding the doing of the act after the time fixed. Or it may be evidenced by words withdrawing the power to do the act after the time fixed. Or, finally, it may be evidenced by a showing that a right dependent upon the doing of the act within the time fixed is lost or impaired by the nonperformance of that act."

Later, the test was expressed by our high court as: "It is true that 'shall,' used in a statute, does not always import that its provisions are mandatory, although in most cases it does . . . ." (*Francis* v. *Superior Court,* 3 Cal.2d 19, 29 [43 P.2d 300].) " 'It is, of course, difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and when mandatory or imperative, but of all the rules mentioned, the test most satisfactory and conclusive is whether the prescribed mode of action is of the essence of the thing to be accomplished, or, in other words, whether it relates to matters material or immaterial—to matters of convenience or of substance.' . . . Another rule equally well recognized in the construction of such a statute is that

whether a statute is mandatory or directory depends upon the legislative intent as ascertained from the consideration of the whole act . . . ." (*Francis* v. *Superior Court, supra,* 3 Cal.2d at p. 28.)

An almost limitless number of California decisions have considered those or similar principles of interpretation in construing the statutory word "shall" as mandatory or permissive. While the cases are far from consistent in language and sometimes contradictory in result, a pattern emerges. Where no purpose is served by treating the word "shall" as mandatory then, regardless of statutory language defining "shall" in mandatory terms, it is treated as permissive. (*Garrison* v. *Rourke,* 32 Cal.2d 430, 435-436 [196 P.2d 884], overruled on other grounds in *Keane* v. *Smith,* 4 Cal.3d 932, 939 [95 Cal.Rptr. 197, 485 P.2d 261], old Elections Code section 8556 stating that in determining issues arising in contested elections "the court shall file its findings of fact and conclusions of law" within 10 days held directory only.) Where statutory history indicates that "shall" is intended as permissive only, it is given that construction. (See *Thomas* v. *Driscoll,* 42 Cal.App.2d 23, 26-28 [108 P.2d 43].)

"Shall" is construed as mandatory where failure to follow the statutory command has a result of substantial consequence. (*Thomas* v. *Driscoll, supra,* 42 Cal.App.2d 23, 25-26; *County of San Diego* v. *Milotz,* 119 Cal.App.2d Supp. 871, 881 [260 P.2d 282]; *Ward* v. *Fremont Unified Sch. Dist.,* 276 Cal.App.2d 313, 322 [80 Cal.Rptr. 815]; *Karbach* v. *Board of Education,* 39 Cal.App.3d 355 [114 Cal.Rptr. 84].)

In the context of a time period specified in terms of "shall" or its equivalent for the commencement of administrative action, the word has been held to be a mandatory limitation upon the power to act upon an appeal relating to a building permit (*Ursino* v. *Superior Court,* 39 Cal.App.3d 611, 619 [114 Cal.Rptr. 404]), and to administrative action on appeals from county decisions reducing or terminating aid (*King* v. *Martin,* 21 Cal.App.3d 791 [98 Cal.Rptr. 711]).

In the specific context of the 60-day limit upon time for commencement of a hearing on an accusation seeking dismissal of a tenured teacher, the Court of Appeal states in *Reeves* v. *Superior Court,* 36 Cal.App.3d 291, 294 [111 Cal.Rptr. 390]: ". . . this time limit appears to be jurisdictional . . . ." The language of *Reeves* is consistent with the pattern of the California cases.

The definition of "shall" as mandatory in the pertinent provision of the Education Code itself requires that absent some indication that the statutory definition was not intended, it must be applied. (*Great Western Sav. & Loan Assn.* v. *City of Los Angeles,* 31 Cal.App.3d 403, 409 [107 Cal.Rptr. 359].) Substantial consequences result if the mandatorily phrased command for a hearing within 60 days from a demand for it is not observed. The time period is intimately connected with the statute of limitations upon evidence admissible against the teacher which is expressed in the same section as the 60-day requirement. If the command of Education Code section 13413 is observed, only evidence relating to a period no longer than four years and 60 days from the hearing is admissible to prove the district's accusation. If the period is ignored, the time from occurrence to hearing is open-ended. If the period is treated as mandatory and the school district neglects to follow its command, then the district must begin at the beginning the extensive process for discharge of a tenured teacher accused of unprofessional conduct or unfitness for service.

We thus conclude that the command of Education Code section 13413 that a hearing on the accusation against a permanent teacher must commence within 60 days of the teacher's demand for it is mandatory so that the Commission on Professional Competence cannot proceed upon the accusation unless the hearing is commenced within the statutory period or delay is excused. There remains the issue whether the delay in the case at bench was excusable.

### Validity of Notice

Government Code section 11509 requires that the agency "deliver or mail a notice of hearing to all parties at least 10 days prior to the hearing." Unlike other statutes dealing with service by mail (see e.g., Code Civ. Proc., § 1013; *Valley Vista Land Co.* v. *Nipomo Water & Sewer Co.,* 255 Cal.App.2d 172 [63 Cal.Rptr. 78]), section 11509 does not impose a condition that the notice be properly addressed with postage prepaid; nor does it specify that notice is effective upon mailing only when the condition is satisfied. Rather, the pertinent statute commands only that the agency "mail" the notice at least 10 days prior to the hearing. The extension of time for performing an act or exercising a right provided by Code of Civil Procedure section 1013 where service is by mail does not apply. (*Brown* v. *Rouse,* 115 Cal. 619, 621-622 [47 P. 601].)

Since section 11509 does not incorporate conditions of correct address and prepaid postage, there is compliance with the statute when the notice is deposited in the mail and reaches the teacher as effectively and speedily as one correctly addressed with adequate postage. Here the trial court correctly determined that the district substantially complied with the mailing requirement. The notice was deposited in the mail more than 10 days prior to the hearing date. While the mailing was defective in its statement of address and in its absence of correct postage, there is credible evidence that the notice was received by Mrs. Felt's agent as soon as it would have been received had the address and postage been correct. Thus, fortunately for the district, the deficiencies in its notice practice proved immaterial.

## Other Contentions

Mrs. Felt's other contentions lack merit. Findings of fact which she claims are not supported by substantial evidence are based upon stipulations recorded in the minutes of the trial court. A writ of mandate pursuant to Code of Civil Procedure section 1085 is appropriate and there is no need that administrative mandamus pursuant to Code of Civil Procedure section 1094.5 be utilized. The case at bench is not one where the trial court was called upon to review action by the commission but rather one requiring that court to determine whether or not the commission should act at all.

## Disposition

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied March 5, 1976, and appellant's petition for a hearing by the Supreme Court was denied April 8, 1976.