RUSSELL, Judge.
On September 12, 1989, a final jeopardy assessment was issued against Robert Do-nival Williams by the State Department of Revenue (department) under the Drugs and Controlled Substances Tax Act. On the same date a notice of assessment was mailed to Williams by certified mail. Two unsuccessful personal delivery attempts were made by the post office, which left notices of attempted delivery on September 13, and September 18,1989. On September 28, 1989, the notice of assessment was returned to the department marked “unclaimed.” The department then mailed a second notice of assessment on October 10, 1989, which was received by Williams. On October 24, 1989, Williams filed a notice of appeal with the circuit court. The department filed a motion to dismiss, claiming that Williams’s appeal was untimely filed. The motion to dismiss was granted by the trial court. Williams appeals. We affirm.
The dispositive issue is whether the trial court erred in granting the motion to dismiss Williams’s appeal as untimely filed.
Section 40-17A-12(a), Ala.Code 1975, provides as follows:
“(a) An assessment for a dealer not possessing stamps or other official indi-cia showing that the tax has been paid shall be considered a jeopardy assessment or collection, as provided in section 40-29-91. The commissioner shall assess a tax based on personal knowledge or information available to the commissioner, mail to the taxpayer at the taxpayer’s last known address or serve in person, a written notice of the amount of tax; .... ”
(Emphasis supplied.)
Williams contends that the intent of this section is for the taxpayer to receive actual notice, not just for the notice to be mailed. However, this court must give effect to the clearly expressed intent of the legislature. Ex parte Holladay, 466 So.2d 956 (Ala.1985). Clearly, the language of the statute requires only that the notice be mailed to the last known address and requires no proof of actual receipt of the notice. In addition, although Williams contends that he did not receive the September 12, 1989, notice, and receipt of the notice is not required, the record indicates that notice of the certified mail was delivered twice to his last known address.
In order to appeal from the assessment, the taxpayer must file a notice of appeal within 30 days from the final assessment *1346 with the secretary of the department and with the clerk or register of the circuit court of the county to which the appeal shall be taken. § 40-2-22, Ala.Code 1975. The right of appeal from final assessments is statutory and the provisions of the statute must be followed. State v. Golden, 283 Ala. 706, 220 So.2d 893 (1969). This Williams did not do. Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J„ concur.