[No. A053234. First Dist., Div. Three. Oct. 29, 1991.]

THOI THANH VO, Plaintiff and Appellant, v.
BOARD OF MEDICAL QUALITY ASSURANCE, Defendant and
Respondent.

**COUNSEL**

Nguyen Cong Binh for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, and Samuel K. Hammond, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**WHITE, P. J.**—Thoi Thanh Vo appeals from a judgment denying his petition for a writ of administrative mandate (Code Civ. Proc., § 1094.5) after the California Board of Medical Quality Assurance (Medical Board) revoked his license to practice medicine.

Appellant contends the judgment must be reversed because he did not receive proper notice of the administrative revocation hearing. We affirm.

I

FACTS

On June 4, 1987, a jury convicted appellant of eleven counts of filing false Medi-Cal claims, one count of grand theft and one count of conspiracy to commit Medi-Cal fraud. (Welf. & Inst. Code, § 14107; Pen. Code, §§ 487, subd. 1 & 182, subd. (4).) The charges arose out of a scheme in which appellant employed "drivers" to obtain Medi-Cal stickers from eligible beneficiaries and to deliver those stickers to appellant's offices. Appellant would write prescriptions covered by Medi-Cal for each sticker and would bill Medi-Cal for office visits and medical treatment never provided. The drivers would then take the signed prescriptions to a conspiring pharmacy where they were exchanged for goods (money, clothes, etc.) not covered by Medi-Cal. The pharmacy would pay the drivers for each prescription, and bill Medi-Cal for the medications ordered but not provided.

In the criminal case, appellant was sentenced to three years in prison and ordered to pay a $10,000 fine. His convictions and sentence were affirmed on appeal.

The present appeal concerns the separate administrative proceeding to revoke appellant's license to practice medicine. On June 15, 1989, the Medical Board filed an accusation against appellant which alleged he had engaged in unprofessional conduct in violation of section 2236, subdivision (a) of the Business and Professions Code, because he had been convicted of a crime substantially related to the qualifications, functions and duties of a physician and surgeon. The accusation provided notice that appellant could request a hearing by mailing a "Notice of Defense" form to the Deputy Attorney General in San Diego who was responsible for the case.

On June 22, 1989, appellant mailed a notice of defense which stated he was not represented by counsel. On June 30, 1989, attorney Bobby Young-blood—who had represented appellant in the criminal matter—mailed a second notice of defense on appellant's behalf to the San Diego Deputy Attorney General in charge of the case. This notice of defense—which was purportedly signed by appellant—indicated that appellant was represented by Youngblood and gave a mailing address for appellant in Hawthorne, California.

On November 27, 1989, the San Diego Attorney General's office served a notice of hearing on appellant and Youngblood by certified and regular mail. The notice was sent to the addresses provided in appellant's second notice of defense. The notice stated the hearing would be held on February 13-15, 1990, at the Santa Ana state building.

That same day—November 27—at 4:23 p.m., appellant's new attorney, Liem H. Nguyen, filed a notice of representation with the Medical Board's office in Sacramento. Attached to the notice was a new notice of defense listing appellant's new address in San Jose. These documents were forwarded to the San Diego Attorney General's office on November 29, 1989.

In January and early February of 1990, Deputy Attorney General Samuel K. Hammond called attorney Nguyen's office on several occasions. Each time, he left a message saying that he wanted to discuss the accusation against appellant which was set for hearing in February 1990. Each time, Hammond was told that Mr. Nguyen would return the call, but he never did.

When he received no response from Mr. Nguyen, Hammond made several telephone calls directly to appellant's office. Each time, he was told that appellant was attending to patients, was too busy to talk, and would call him later. On each occasion, Hammond left a message that he wanted to talk to appellant about the hearing before the Medical Board set for February 13, 1990. No one ever returned Hammond's calls.

On February 13, 1990, a hearing on the accusation was held before an administrative law judge in Santa Ana, California. When it became clear that neither appellant nor his attorney would appear at the hearing, Hammond phoned appellant's office and was again told that appellant was attending to patients and was too busy to talk.

On March 6, 1990, the administrative law judge issued a proposed decision revoking appellant's physician's and surgeon's certificate. The judge noted that appellant had failed to appear in person or by counsel at the hearing, although he had received legal notice of the time and date. The Medical Board adopted the proposed decision, and revoked appellant's license to practice medicine effective May 17, 1990.

On June 5, 1990, appellant's attorney, Mr. Nguyen, called Deputy Attorney General Hammond. Nguyen told Hammond he had been out of the country and said appellant had been in prison since early January; consequently, they had been unable to return Hammond's calls. Mr. Nguyen claimed neither he nor appellant had received notice of the administrative hearing, and on that basis he had petitioned the Medical Board to set aside its decision revoking appellant's license. Hammond informed Mr. Nguyen of the steps that had been taken to provide notice. He also advised Mr. Nguyen that he would have 30 days after May 17, 1990, to file a petition for writ of mandate challenging the Medical Board's decision.

On November 15, 1990, appellant's third attorney—Mr. Binh—filed a petition for writ of mandate to set aside the Medical Board's order revoking appellant's license. The petition alleged that neither appellant nor his then attorney—Mr. Nguyen—received notice of the administrative hearing. The trial court denied the petition for writ of mandate, and appellant has appealed from that judgment.

II

Discussion

A. *Appellant's Petition for Writ of Mandate Was Not Timely.*

The administrative hearings conducted by the Medical Board are governed by the procedures established in Government Code sections 11500 to 11529[1] (Administrative Adjudication). (§ 11501; *Miller* v. *Board of Medical Quality Assurance* (1987) 193 Cal.App.3d 1371, 1376 [238 Cal.Rptr. 915].) Section 11523 provides that a petition for writ of mandate challenging an adminis-

---

[1]All further statutory references are to the Government Code unless otherwise indicated.

trative decision "shall be filed within 30 days after the last day on which reconsideration can be ordered." Section 11521, subdivision (a) provides that the last day on which reconsideration can be ordered is (1) 30 days after the delivery or mailing of the decision to the respondent *or* (2) the date set by the agency itself as the effective date of the decision.

Here, the Medical Board made the decision effective on May 17, 1990. Appellant therefore had 30 days from that date to file a petition for writ of mandate in the superior court. Nevertheless, he waited nearly six months— until November 15, 1990—before he filed his petition in the trial court.

■ The 30-day limit set out in section 11523 is a statute of limitations. (*Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791, 794 [176 Cal.Rptr. 214].) "Like any other cause of action, a proceeding for writ of mandate is barred if not commenced within the applicable limitation period." (*Ibid.*, citations omitted; *California Standardbred Sires Stakes Com., Inc.* v. *California Horse Racing Bd.* (1991) 231 Cal.App.3d 751, 756 [282 Cal.Rptr. 256].)

The record does not show any excuse for appellant's extraordinary delay in filing the petition for writ of mandate. To the contrary, the record shows that appellant's attorney, Mr. Nguyen, knew by June 5, 1990, that the effective date of the decision was May 17, 1990, and that he had 30 days from that date to file the petition for writ of mandate. Nevertheless, appellant delayed more than five months before he filed his petition in the superior court. In light of appellant's failure to proffer any excuse for this delay, the trial court was compelled to deny the petition.

B. *The Medical Board's Decision Was Not Void.*

Realizing he has a problem because of the statute of limitations, appellant contends the failure to properly serve him with the notice of hearing deprived the Medical Board of jurisdiction over his person, which rendered its decision void and subject to collateral attack at any time. He is wrong.

■■■■■ Even assuming the manner in which the Medical Board served the notice of hearing was technically defective—a point we do not concede[2]—such defects would not rob the board of jurisdiction or render its

---

[2] Section 11509 provides that the agency "shall deliver or mail a notice of hearing to all parties at least 10 days prior to the hearing." The Medical Board complied with this requirement when it sent a notice of hearing to the most recent address provided by both appellant and his attorney in the two notices of defense. "Unlike other statutes dealing with service by mail [citations], section 11509 does not impose a condition that the notice be

decision void. The Medical Board obtained personal jurisdiction over appellant when it properly served him with the formal accusation and notice of defense. (*Stuck* v. *Board of Medical Examiners* (1949) 94 Cal.App.2d 751, 755 [211 P.2d 389].) Appellant does not—and cannot—contend he did not receive the accusation and notice of defense. Moreover, this is not a case where a party has alleged lack of subject matter jurisdiction, which may be raised at any time as a defense. (*Troy Gold Industries, Ltd.* v. *Occupational Safety & Health Appeals Bd.* (1986) 187 Cal.App.3d 379, 385, fn. 3 [231 Cal.Rptr. 861].) Here, the Medical Board had both jurisdiction of the subject matter and jurisdiction over appellant's person. (*Stuck* v. *Board of Medical Examiners, supra,* 94 Cal.App.2d at p. 755.) Any technical failure to comply with the provisions for providing notice of the hearing date did not divest the Medical Board of jurisdiction or render its decision void. (Compare *Aylward* v. *State Board etc. Examiners* (1948) 31 Cal.2d 833, 838-839 [192 P.2d 929] [Agency acted in excess of jurisdiction when it failed to give *any* notice of mass revocation of licenses or to hold hearings.].)

The judgment is affirmed.

Merrill, J., and Chin, J., concurred.

---

properly addressed with postage prepaid; nor does it specify that notice is effective upon mailing only when the condition is satisfied. Rather, the pertinent statute commands only that the agency 'mail' the notice at least 10 days prior to the hearing." (*Governing Board* v. *Felt* (1976) 55 Cal.App.3d 156, 163 [127 Cal.Rptr. 381].) Thus, in *Felt,* the court concluded the agency substantially complied with the notice requirement, even though the address was incorrect and there was inadequate postage, because there was "credible evidence" the notice was timely received by the respondent's agent.

Similarly, here the Medical Board at least substantially complied with the notice requirement when it mailed the notices to the addresses appellant and his attorney had provided. Moreover, when Deputy Attorney General Hammond attempted to contact appellant and Mr. Nguyen directly, they buried their heads in the sand and refused to return his calls. In these circumstances, we believe adequate notice was provided.