PITTMAN, Judge.
The Fairfield Board of Education (“the Board”) appeals from a judgment of the Jefferson Circuit Court issuing a writ of mandamus reversing an order of the Alabama State Tenure Commission and requiring the Board to hold a hearing on whether to terminate the employment contract of Roosevelt Acoff, Jr., a teacher employed in the Fairfield school system on continuing-service status (i.e., a tenured teacher). We reverse and remand.
The record reveals that in October 2001 the superintendent of the Fairfield school system sent Acoff a letter, by hand delivery and by mail addressed to Acoff at 813 Country View Court in Birmingham, informing him that his classroom management had deteriorated to the point that it appeared “out of control” and indicating the superintendent’s intent to place him on paid administrative leave. Acoff claimed that he did not receive the copy of the letter mailed to the Birmingham address; however, Acoff did retain counsel to represent his interests. In November 2001, counsel for the Board sent a letter to Acoff s counsel indicating that Acoff would need to choose between electing to go on personal leave or proceeding through the process of termination of his employment. There is no indication in the record that Acoff or his counsel responded to that letter; however, counsel for Acoff did send a letter to counsel for the Board on December 17, 2001, requesting that Acoff be sent his wages that had accrued during the administrative leave.
On December 19, 2001, the superintendent issued a letter (“the notice letter”) to Acoff notifying him, pursuant to § 16-24-8, Ala.Code 1975, that the Board would consider the termination of his employment contract on January 17, 2002. The grounds alleged in the notice letter that purportedly warranted the termination of Acoff s employment included (1) the failure to perform his duties in a satisfactory manner, (2) incompetence, (3) neglect of duty, and (4) “other good and just cause.” The notice letter was supplemented with 2 “appendices”; one appendix alleged 18 specific deficiencies in Acoff s performance and the other appendix identified 8 potential witnesses who might be called to testify before the Board to describe facts in support of the proposed termination of Acoff s employment contract. The notice letter informed Acoff that he had the right to appear before the Board personally and through counsel and to call and cross-examine witnesses; however, the notice letter also stated that if Acoff wished to proceed with a hearing before the Board, he was to notify the superintendent by filing a written notice of his intention to contest the matter at least five days before January 17, 2002.
The notice letter was sent by certified mail to an alternate address for Acoff on file with the Board — 1924 17th Street North, Bessemer, Alabama, which is the *1107 address of Acoffs father’s home; the notice letter, along with certain other items enclosed in the same envelope, was delivered to that address on December 28, 2001. However, neither Acoff nor his counsel filed a written notice with the Board within five days of January 17, 2002, evidencing Acoffs intent to contest the proposed termination of his employment contract, as required by Ala.Code 1975, § 16-24-9. Acoffs counsel contacted the Board’s counsel by telephone on January 15, 2002, requesting a continuance of the hearing. Acoffs counsel also sent a written notice on the date of the hearing indicating his belief that the superintendent’s notice letter did not comply with § 16-24-9 because it was mailed to Bessemer and did not detail the expected testimony of the proposed witnesses; however, no written notice of Acoffs intent to contest the proposed termination of his employment was received by the Board before the fifth day preceding the scheduled hearing. The Board, therefore, proceeded to terminate Acoffs employment contract by a majority vote, pursuant to the procedure specified in § 16-24-9 when a notice of intent to contest a proposed termination is not timely received.
Acoff, through counsel, then sought review of the Board’s decision before the Tenure Commission by filing a “notice of direct appeal” or, in the alternative, a petition for relief from the Board’s action, contending that the Board improperly denied him a hearing with respect to the proposed termination of his employment contract; that filing was accompanied by Acoffs affidavit and an affidavit of his counsel. Although review of school-board termination decisions is typically initiated pursuant to § 16-24-10(a), Ala.Code 1975, which provides for an appeal on the record made before the school board, Ala.Code 1975, § 16-24-37, provides for an alternate remedy by direct appeal to the Tenure Commission if a tenured teacher “has been denied a hearing before the local board of education as required by ... [§] 16-24-9.” The Board responded to Acoffs filing by submitting several affidavits of Board employees tending to show that Acoff had received notice of the proposed termination hearing. The Tenure Commission, at its March 13, 2002, meeting, sustained the Board’s termination of Acoffs employment, expressly finding that Acoff had failed to properly request a hearing before the Board.
Acoff then filed a petition for a writ of mandamus in the Jefferson Circuit Court, seeking review of the Tenure Commission’s decision and requesting that the Board be directed to afford him a hearing. After receiving documentary submissions from the parties,[1] the circuit court entered a judgment concluding that the Tenure Commission’s decision was “against the preponderance of the evidence and the overwhelming weight of the evidence”; that court directed the Board to issue a new notice to Acoff of the proposed termination and to afford him a hearing “in accordance with the governing statutes.”
The Board appeals from the circuit court’s judgment granting Acoff mandamus relief, contending that the circuit court erred in failing to uphold the decision of the Tenure Commission. As a plurality of this court recently noted, a decision of the Tenure Commission sustaining the termination of a tenured teacher’s employment “is ‘final and conclusive’ unless it is ‘unjust’ or is not in compliance with laws governing teacher tenure.” State Tenure Comm’n v. Jackson, [Ms. 2010872, Jan. 31, 2003] - So.2d -, -(Ala.Civ.App.2003) (plurality opinion) *1108 (quoting Ala.Code 1975, § 16-24-38). Review of such decisions via petitions for the writ of mandamus is “ ‘limited to two determinations, first, whether the Tenure Commission’s action was made in compliance with the provisions of [§ 16-24-1 et seq., Ala.Code 1975], and second, whether th[at] action was unjust.’ ” Ex parte Alabama State Tenure Comm’n, 555 So.2d 1071, 1072 (Ala.1989) (quoting Sumter County Bd. of Educ. v. Alabama State Tenure Comm’n, 352 So.2d 1137, 1138 (Ala.1977)). “[T]he decision of the [Tenure] Commission should not be reversed unless the overwhelming weight of the evidence dictates otherwise.” Ex parte Alabama State Tenure Comm’n, 555 So.2d at 1073.
In defense of the circuit court’s judgment, Acoff contends that he was not required to give notice of his intent to contest the Board’s proposed termination of his employment contract because, he says, the notice letter failed to satisfy the requirements of Ala.Code 1975, § 16-24-9, in certain respects. Aeoffs first argument is that the notice letter was not sent to his “last known address,” which he contends was 813 Country View Court in Birmingham, not 1924 17th Street North in Bessemer. According to Acoff, the Bessemer address is that of his father’s residence, and, he claims, he does not live there. However, the Board adduced evidence before the Tenure Commission tending to show that, although the Board knew of the Birmingham address at the time it sent the notice letter, the Board had deemed the Bessemer address to be Aeoffs proper address for receipt of mail because Acoff had previously denied having received the letter that had been sent in October 2001 via certified mail to the Birmingham address. From that evidence, the Tenure Commission could properly have concluded that, from the standpoint of what the Board knew, sending the notice letter to the Bessemer address was reasonably calculated to afford actual notice to Acoff because the Board could not be certain that Acoff would receive materials mailed to the Birmingham address.
We further note that the return receipt that was affixed to the envelope containing the notice letter bears a receipt date of December 28, 2001, exactly 20 days before the date specified for the Board’s consideration of the proposed termination of Aeoffs employment contract. That receipt bears the signature of Aeoffs niece, Candace Acoff. In addition, there was evidence before the Tenure Commission indicating that a paycheck was mailed in the same envelope as the notice letter, along with a memorandum to Acoff stating that the paycheck represented two months’ salary and that certain deductions had not been made from that check. There was also evidence indicating that between January 4 and January 8, 2002, Aeoffs sister Cassandra Acoff had telephoned two different Board employees, had informed the employees that Acoff had received the paycheck but instead wanted two replacement paychecks to be issued and the omitted deductions imposed, and had exchanged the mailed paycheck for two replacement paychecks at the Board’s office.
The foregoing evidence supports the proposition that regardless of whether Aeoffs address, as “last known” by the Board, was in Birmingham or in Bessemer, Acoff had actual notice[2] of the proposed *1109 termination in sufficient time to timely notify the Board if he had wanted to contest the proposed action of the Board. Brown v. Brown, 374 So.2d 332, 334 (Ala.Civ.App.1979) (evidence of a defendant’s actual receipt of a motion for relief from a divorce judgment supported the conclusion that service of the motion by certified mail had been effective despite testimony that papers were mailed to the address of a relative). Regardless of whether Acoff considered the Birmingham address to be his legal domicile, the record reveals that Acoff actually received and acted upon certain items enclosed in the envelope mailed to his father’s home in Bessemer, and the Tenure Commission could properly have inferred that Acoff s preference for receiving mail in Birmingham was immaterial to the efficacy of the notice. Cf. Governing Bd. of the Palos Verdes Peninsula Unified Sch. Dist. v. Felt, 55 Cal.App.3d 156, 164, 127 Cal.Rptr. 381, 385 (1976) (where a statute requires that notice of a dismissal hearing be sent to all parties within 10 days of the hearing, “there is compliance with the statute when the notice is deposited in the mail and reaches the teacher as effectively and speedily as one correctly addressed with adequate postage”).
Acoff also contends that the notice letter was insufficient because, he says, the notice letter failed to advise him of “ ‘the nature of the testimony of witnesses against him,’ ” quoting James v. Board of School Commissioners of Mobile County, 484 F.Supp. 705, 715 (S.D.Ala.1979). Acoff contends that James, a federal district court opinion that relied heavily upon Ferguson v. Thomas, 430 F.2d 852 (5th Cir.1970) (which Acoff also cites), mandated that the Board provide him with a statement of the matters to which the witnesses fisted in the appendix to the notice letter would testify; he further argues that the notice letter and its appendices did not fulfill that mandate.
As an initial matter, we note that the holding in Ferguson was based primarily upon its analogy of the standards of due process required under the United States Constitution with respect to student discipline to those applicable to termination of tenured teachers. 430 F.2d at 856 (citing Dixon v. Alabama State Bd. of Educ., 294 F.2d 150 (5th Cir.1961)). More recent authority indicates that, when students or tenured teachers are given notice of a proposed disciplinary action that simply states the charges against them, and are also offered an opportunity to request a hearing to contest the charges against them and to attend that hearing, they are not constitutionally entitled to advance notice of witness statements. Nash v. Auburn Univ., 812 F.2d 655, 662-63 (11th Cir.1987) (distinguishing Dixon on that ground). Specifically, the Fifth Circuit has held that due process does not require that a tenured teacher receive both advance notice of witness names and their testimony and a right to a hearing to confront the witnesses against the teacher. “Any charged person is constitutionally entitled once to be told what he is charged with and on what evidence; none is entitled to be told so twice. To so require would be to impose on state administrative proceedings a higher standard than the Constitution requires for criminal trials.” Wells v. Dallas Indep. Sch. Dist., 793 F.2d 679, 683 (5th Cir.1986); accord, Johanson v. Board of Educ. of Lincoln County, 256 Neb. 239, 250-52, 589 N.W.2d 815, 822-24 (1999) (a teacher was not denied due pro *1110 cess by school district’s failure to provide him with an advance summary of the nature of the testimony against him).
We are not primarily concerned here with federal due process concerns, however; the pertinent question is whether the Tenure Commission properly determined that the notice letter complied with the requirements of § 16-24-9, AIa.Code 1975. Under § 16-24-37, AIa.Code 1975, the “direct appeal” statute invoked by Acoff to secure review by the Tenure Commission, the Tenure Commission’s function was to review the contentions made and the evidence submitted by Acoff and the Board and to determine “whether or not the [Board] has complied with the provisions of Section 16-24-6[3] or 16-24-9, whichever is involved.” Section 16-24-9 subjects a notice of proposed termination of a tenured teacher’s employment contract sent by an employing board of education to only four requirements as to form. Such a notice must (1) be in writing, (2) state “in detail” the reasons for the proposed cancellation, (3) disclose the place and time at which the teacher may appear to “answer” the notice (which time must be between 20 and 30 days after service of the notice by certified mail), and (4) state that, in order to contest the proposed termination, the teacher, no fewer than 5 days before the time at which the termination will be considered, must file a notice of his or her intention to contest the termination. There is no requirement in § 16-24-9 that a summary of each witness’s testimony be provided in a notice of a proposed termination; indeed, the notice requirements that the statute does specify are designed to inform a tenured teacher of the right to timely contest a proposed termination of that teacher’s employment, if desired, and to appear at a hearing at which he or she will have the right to attend and exercise rights of confrontation.
We conclude that the Tenure Commission’s affirmance of the termination of Acoff s employment on the basis that Acoff failed to properly request a hearing before the Board is necessarily based upon its implicit determination that the notice letter sent by the Board complied with § 16-24-9, and that the Tenure Commission’s decision was not against the overwhelming weight of the evidence so as to warrant reversal. Ex parte Alabama State Tenure Comm’n, 555 So.2d at 1073. Accordingly, we conclude that the circuit court erred in reaching a contrary conclusion and in requiring the Board to send a new notice of and to hold a hearing on the proposed termination of Acoffs employment. The judgment of the circuit court is therefore reversed, and the cause is remanded for the entry of a judgment denying the writ of mandamus. State Tenure Comm’n v. Jackson, — So.2d at-.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.

. The Tenure Commission was not a party in the circuit court.

. In setting forth the evidence before the Tenure Commission tending to show Acoff’s actual notice of the proposed termination, it should not be inferred that proof of actual receipt of the notice required under § 16-24-9 to be sent by certified mail is necessary for a school board to terminate a tenured teacher’s employment contract. As we concluded in *1109 Williams v. State Dep’t of Revenue, 578 So.2d 1345 (Ala.Civ.App.1991), in construing an analogous statute requiring notice of assessment of a tax on controlled substances, "the language of the statute requires only that the notice be mailed to the last known address and requires no proof of actual receipt of the notice.” 578 So.2d at 1345.

3. AIa.Code 1975, § 16-24-6, pertains to transfers of tenured teachers.