[No. A037357. First Dist., Div. Two. July 29, 1988.]

MICHAEL AUSTIN, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

COUNSEL

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Mary C. Michel and Ann Grogan, Deputy Attorneys General, for Defendant and Appellant.

Michael Austin, in pro. per., for Plaintiff and Respondent.

OPINION

KLINE, P. J.—The Department of Motor Vehicles (DMV) appeals from a judgment granting a peremptory writ of mandate compelling it to set aside a decision to suspend respondent Michael Austin's privilege to drive pursuant to Vehicle Code section 16070 for failure to establish proof of financial responsibility.[1] We will affirm.

### STATEMENT OF THE CASE AND FACTS

The underlying facts are not in dispute. On December 4, 1985, respondent was involved in a traffic accident in which the other driver was at fault. In compliance with section 16000 of the Vehicle Code, respondent reported the accident on the approved SR 1 form supplied by the DMV. To the question whether and by whom he was insured respondent evasively replied that the other driver had agreed to pay for all damages.

Upon receipt of this report form, the DMV notified respondent of its intent to suspend his license pursuant to section 16070,[2] and of his right to a

---

[1] Future statutory references will be to the Vehicle Code unless otherwise noted.

[2] Section 16070 of the Vehicle Code provides in part: "Whenever a driver involved in an accident described in Section 16000 fails to prove the existence of financial responsibility as

hearing. Respondent requested a formal hearing which operated to stay the suspension.

Respondent, who appeared with counsel, presented no evidence at the hearing. The DMV presented only a copy of respondent's SR 1 report form. At the conclusion of the hearing the referee announced that her recommendation to the department would be to reimpose the suspension. Respondent was advised, however, that he would receive formal notice in the mail. In a letter dated April 14, 1986, respondent was informed that the stay would be lifted as of April 18, and that his license would be suspended for one year.

Respondent petitioned the superior court for a peremptory writ to compel the DMV to set aside its order of suspension. The grounds for the writ were that (1) the only evidence presented during the hearing, respondent's SR 1 report form, was inadmissible hearsay; (2) his SR 1 did not allege that he was uninsured and was insufficient as a sole basis for suspension; (3) the DMV did not render a decision within 15 days as required by subdivision (e) of section 16075; and (4) the hearing was not held within 30 days of respondent's request as required by subdivision (b) of section 16075. The superior court granted the writ and this appeal followed.[3]

## DISCUSSION

The California Financial Responsibility Law (Veh. Code, § 16000 et seq.) requires drivers of motor vehicles to be self-insured, to have insurance, or to be otherwise financially responsible for damages caused by accidents. A driver involved in an accident causing damages over $500, death or personal injury must report such accident to the DMV on an approved SR 1 report form. (Veh. Code, § 16000.) The law requires the driver to show proof of financial responsibility at the time of the accident to the satisfaction of the department. (Veh. Code § 16050.) "Whenever the department receives an accident report . . which alleges that any of the drivers involved in the accident was [not properly insured] at the time of the accident, the depart-

_____

required by Section 16020 at the time of the accident, the department shall . . . suspend the privilege of the driver or owner to drive a motor vehicle . . . ."

[3] Having reviewed the record and the law pertaining to this case, we find it necessary to reach only one issue, namely, whether the failure of the DMV to render a decision within the time period set out in the Vehicle Code is fatal to the order. We want to state, however, that we find unpersuasive respondent's argument that his own SR 1 form is inadmissible, and insufficient as the sole basis of this suspension. (See *Fahlgren* v. *Department of Motor Vehicles* (1986) 186 Cal.App.3d 930 [231 Cal.Rptr. 229].)

We note also that although the trial judge indicated that the DMV was "probably right" in arguing that the decision was rendered within the 15-day period, he stated that he based his decision to set aside the suspension on all of the factors involved in the case. Consequently, each issue contested at the hearing has been reviewed by this court.

ment shall immediately mail to that driver a notice of intent to suspend the driver's license of that driver. . . . The suspension notice shall notify the driver of the action taken and the right to a hearing under Section 16075." (Veh. Code, § 16070, subd. (b).)

Vehicle Code section 16075 provides the basic guidelines for the hearing. In the superior court respondent claimed that the DMV failed to comply with two of the procedures outlined therein. It is necessary for us to address only one of those claims.

Section 16075, subdivision (e), states: "The department shall render its decision within 15 days after conclusion of the hearing." In the instant case, the hearing took place on March 12, 1986. At the close of the hearing, the referee stated: "Based on . . . the report . . . my findings are that Mr. Austin was the driver or owner of the vehicle involved in an accident. That property damage did exceed $500.00. Bodily injury or death did not occur as a result of the accident and that no proof [has been submitted to show that] one of the acceptable types of financial responsibility was [ ] in effect at the time for the vehicle involved in the accident. *So therefore the proposed decision . . . that I will make to the Department* is that the suspension under Vehicle Code section 16070 be reimposed. And as I said, you will be notified in the mail . . . ." Respondent's counsel then asked: "Then we'll get the, the notice of the proposed decision and that [will] be sent out within fifteen days from now?" The referee replied: "More than likely it might take a little longer, I'm not sure. It all depends upon how much paperwork . . . ."

On April 18, 1986, over 30 days following the hearing, respondent received a letter from the DMV notifying him that the suspension would be reimposed for the period of one year. The letter was dated April 14, 1986. ▮ Respondent argues that because he was not formally notified within 15 days, the decision is not binding. The DMV argues (a) the referee's act of signing her findings on the date of the hearing meets the requirements of section 16075, (b) in any event, notification "a mere four weeks beyond the hearing date" is an inconsequential delay, and (c) the important public interest of requiring drivers to be financially responsible should override strict construction of the law.

We disagree with appellant's claim that the referee's proposed findings amount to the rendering of a decision. The referee specifically told respondent at the hearing that her findings would be recommended to the department; that decision, therefore, was not final. In fact, the record discloses that on March 28, 1986 (16 days after the hearing), a DMV "reviewer" approved the findings.

Moreover, we interpret the meaning of "rendering judgment" to be equivalent to the delivery or notice of the decision. In determining the meaning of a statute, a court must give effect to the statute according to the usual, ordinary import of the language employed in framing it. (*West Covina Hospital* v. *Superior Court* (1986) 41 Cal.3d 846, 850 [226 Cal.Rptr. 132, 718 P.2d 119, 60 A.L.R.4th 1257]; *People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].) "Render" is defined by the Oxford English Dictionary (1970 ed., vol. VIII, p. 442, col. 3.) as "[t]o hand over, deliver, commend, or commit, to another; . . ." Similarly, Webster's New Collegiate Dictionary defines "render" as "to give back, yield," and "to transmit to another, deliver." (1981 ed., p. 971, col. 2.) Thus rendering judgment is accomplished only when the interested parties are advised of the decision. This construction comports with commonsense since a judgment has no meaning until it is related to the affected parties.

The DMV's argument that a minor delay in delivering the order sufficiently complies with the statute cannot be squared with the statutory language, which is mandatory, not directory. "The department *shall* render its decision within 15 days after conclusion of the hearing." (Veh. Code, § 16075, subd. (e), italics added.) As was so precisely put by the trial judge, " 'shall' means 'shall.' " "The word 'shall' is ordinarily 'used in laws, regulations, or directives to express what is mandatory.' (Webster's New Internat. Dict., Unabridged (3d ed. 1966) p. 2085, col. 3; see Black's Law Dict. (rev. 4th ed. 1968) p. 1541, col. 2; cf. *Rockwell* v. *Superior Court,* 18 Cal.3d 420, 442 [134 Cal.Rptr. 650, 556 P.2d 1101]; *Walker* v. *County of Los Angeles,* 55 Cal.2d 626, 634 [12 Cal.Rptr. 671, 361 P.2d 247].) 'May,' on the other hand, is usually permissive. The Legislature is very aware of this distinction . . . ." (*Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 133 [142 Cal.Rptr. 325], fn. omitted.) The words of this statute clearly mandate that the DMV render its decision within 15 days.

Finally, the DMV advances an equitable argument, asking that we deem the section directory because the public interest at stake is so important and respondent has suffered no prejudice. Appellant relies primarily on *Garrison* v. *Rourke* (1948) 32 Cal.2d 430 [196 P.2d 884] (overruled on other grounds in *Keane* v. *Smith* (1971) 4 Cal.3d 932, 939 [95 Cal.Rptr. 197, 485 P.2d 261]). *Garrison* involves the judicial review of an election, and the interpretation of an Elections Code section which outlined a procedure for such review and set out a time limit for the filing of the court's findings. The Supreme Court found that the statute should not be interpreted to impliedly divest a court of jurisdiction by time requirements since although "courts are subject to reasonable statutory regulation of procedure and other matters, they will maintain their constitutional powers in order effectively to function as a separate department of government." (*Id.,* at p. 436.) Because

the Vehicle Code provision with which we are here concerned could not operate to divest the judicial branch of any constitutional power, *Garrison* is altogether inapposite.

The argument that the important social policy represented by the financial responsibility law and the burdens upon the administrative agency charged with its enforcement justify relaxation of the statutory time limit is better made to the Legislature than the courts. No principle of statutory construction permits us to accept this theory, and to do so would eliminate uniformity and certainty in the administrative process and thereby create a far larger problem than now troubles the DMV.

The judgment is affirmed.

Rouse, J., and Smith, J., concurred.