[No. B090564. Second Dist., Div. Five. July 30, 1996.]

KEITH L. COLE, Plaintiff and Appellant, v.
ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT et al.,
Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II (B). The first full paragraph of the concurring and dissenting opinion is to be published. The remainder of the concurring and dissenting opinion is not for publication.

## COUNSEL

Gronemeier & Barker and Dale L. Gronemeier for Plaintiff and Appellant.

Liebman, Reiner & Walsh and Joseph R. Zamora for Defendants and Respondents.

## OPINION

**TURNER, P. J.—**

### I. INTRODUCTION

This is an action under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.)[1] for race discrimination in employment in connection with the position of facilities manager of a high school district. The appeal is from a summary judgment in favor of the employer and several of plaintiff's supervisors. Keith L. Cole, plaintiff, a Black male, was employed under a one-year contract by the Antelope Valley Union High School District, defendant, as director of maintenance and operations. Also named as defendants were: Kenneth Brummel, the school district superintendent; E. Michael Rossi, assistant superintendent for personnel services; and Darlene Hinkel, assistant superintendent of business. At the conclusion of plaintiff's one-year tenure, his contract was not renewed. Instead, his position was eliminated. A new position was created, that of facilities manager. The facilities manager job consolidated plaintiff's duties with those of the construction manager, whose position was also eliminated. Plaintiff applied but was not hired for the position of facilities manager. The former construction manager, a White male, was chosen for the position. Plaintiff alleged *both* the elimination of his position and the refusal to hire him for the new job were racially motivated. The trial court granted defendants' motion for summary judgment. The court concluded: "There is insufficient evidence which demonstrates that defendants' reasons for not renewing plaintiff['s] contract or for not hiring plaintiff for the Facilities Manager

---

[1] All future statutory references are to the Government Code unless otherwise noted.

position [were] pretextual and that the real reason for defendants' conduct was an intent to discriminate against plaintiff on the basis of his race . . . ." We respectfully disagree and find a triable issue of material fact remained. Therefore, in the unpublished portion of this opinion, we reverse the summary judgment as to the school district and Mr. Rossi. However, in the published portion of this opinion, we affirm the summary judgment as to Dr. Brummel and Ms. Hinkel on the ground, as to them, plaintiff failed to exhaust his administrative remedies.

## II. DISCUSSION

### A. *Exhaustion of Administrative Remedies*[2]

The individual defendants—Dr. Brummel, Mr. Rossi, and Ms. Hinkel—sought a summary judgment on the ground plaintiff failed to exhaust his administrative remedies as to them. The material facts were undisputed. Dr. Brummel and Ms. Hinkel were not named in either the caption or the body of plaintiff's initial and amended charges filed with the Department of Fair Employment and Housing (DFEH). Mr. Rossi, on the other hand, was named in the body, but not the caption, of both the initial and amended charges. The DFEH interviewed plaintiff. It found there was not a "sufficient basis to accept a formal complaint for investigation." The DFEH accepted plaintiff's discrimination charge "for 'filing purposes' only." Plaintiff did not prepare the original or amended DFEH complaints; he believed they were prepared by DFEH personnel. The caption of the DFEH complaint form stated: "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME . . . ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT." Consistent with the caption of the charge, only the district was named in the DFEH's right-to-sue letter.

The failure to name individual defendants in charges filed with the DFEH has been discussed in three Court of Appeal cases. In *Valdez* v. *City of Los Angeles* (1991) 231 Cal.App.3d 1043, 1060-1061 [282 Cal.Rptr. 726], Division Seven of this appellate district held, as a matter of first impression in California, that individuals who were not named in either the caption or the body of the DFEH charge could not be held accountable in a civil lawsuit. The court reasoned: "[I]t is . . . consonant with the [FEHA] to require the

---

[2]Plaintiff's only remaining cause of action is for violation of the FEHA. His causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing were the subject of a demurrer which was sustained without leave to amend.

exhaustion of administrative remedies (by charging all those who are sought to be accountable) to enable a speedy resolution of violations of the [FEHA] without the delays attendant to a lengthy civil trial. For a claimant to withhold naming of known or reasonably obtainable defendants at the administrative complaint level is neither fair under the [FEHA] in its purpose of advancing speedy resolutions of claims nor fair to known, but unnamed individuals, who at a later date are called upon to 'personally' account in a civil lawsuit without having been afforded a right to participate at the administrative level." (*Id.* at p. 1061.)

The question was next considered in *Martin* v. *Fisher* (1992) 11 Cal.App.4th 118, 119-123 [13 Cal.Rptr.2d 922]. In *Martin,* an individual defendant was named in the body of the plaintiff's DFEH charge, but not in the caption of the document, nor in the right-to-sue letter. There was evidence the defendant had learned of the charges through his employer and had participated in the administrative investigation. (*Id.* at pp. 120, 122.) He had not been served with copies of the administrative charge or the right-to-sue letter. (*Id.* at p. 120.) Division Two of this appellate district held that as a supervisory employee, the defendant's interests were essentially those of the employer. (*Id.* at p. 122.) The court also held it was error to dismiss the claims against the individual defendant for failure to exhaust administrative remedies because he *was named in the body of the administrative charge.* Further, our colleagues in Division Two of this appellate district noted the individual had *participated in the administrative investigation. (Id.* at p. 123.) The court stated: "The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts. A strict rule [that only a party named in the caption of the administrative complaint may be sued, regardless of any other circumstances] would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding. If [individual defendants] are described in the charge as the perpetrators of the harm, they can certainly anticipate they will be named as parties in any ensuing lawsuit." (*Id.* at p. 122.)

The Court of Appeal for the Fourth Appellate District, in an opinion authored by our colleague, Associate Justice Sheila Sonenshine, followed *Martin* in *Saavedra* v. *Orange County Consolidated Transportation etc. Agency* (1992) 11 Cal.App.4th 824, 826-828 [14 Cal.Rptr.2d 282]. The court held an individual not delineated as the offending party, but described in the body of the administrative charge as the perpetrator of the discrimination, was properly the subject of a civil lawsuit. The court found the defendant

was put on notice of the charges and had an opportunity to participate in the administrative process. Associate Justice Sonenshine based her conclusion on another reason as well. She noted the DFEH form was ambiguous in that it requested the name of the *employer* which discriminated against the plaintiff, but did not request the names of individuals who discriminated. The DFEH charge form stated, in relevant part: " 'NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY[,] APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME.' " (*Id.* at p. 828.) Associate Justice Sonenshine reasoned the plaintiff could not be barred from suing the individual defendant when the DFEH charge did not ask her to name him. (*Id.* at p. 827-828.) Consistent with *Valdez, Martin,* and *Saavedra,* we conclude plaintiff's lawsuit is viable as against Mr. Rossi because he was named in the body of the administrative charge as a person who discriminated against plaintiff. If there had been an administrative investigation, Mr. Rossi would have been put on notice of the charges, and would have had an opportunity to participate.

We turn to the question whether plaintiff can proceed against Dr. Brummel and Ms. Hinkel, who were not mentioned in the administrative charge at all. We conclude plaintiff is barred from suing those individual defendants for failure to name them in the DFEH charge. We rely on the language of section 12960. That statute provides, in relevant part: "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint in writing *which shall state the name and address of the person,* employer, labor organization or employment agency alleged to have committed the unlawful practice complained of . . . ." (Italics added.) The legislative directive is clear and unambiguous. As a result, there is no need for construction. (*People* v. *Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163]; *Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 73 [276 Cal.Rptr. 130, 801 P.2d 373]; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Moreover, as used in the Government Code, " '[s]hall' is mandatory and 'may' is permissive" (§ 14), "[u]nless the provision or context otherwise requires . . . ." (§ 5). There is nothing in section 12960 which requires or even permits us to construe the word "shall" as other than mandatory. (Cf. *Governing Board* v. *Felt* (1976) 55 Cal.App.3d 156, 161-163 [127 Cal.Rptr. 381] [Ed. Code, former §§ 36, 13413].)

Even if we assume we are required or permitted to construe the use of the word "shall" in section 12960, we conclude the statutory language is mandatory. The Supreme Court has held, with regard to the use of the word "shall" in a statute: " 'It is, of course, difficult to lay down a general rule to

determine in all cases when the provisions of a statute are merely directory and when mandatory or imperative, but of all the rules mentioned, the test most satisfactory and conclusive is whether the prescribed mode of action is of the essence of the thing to be accomplished, or, in other words, whether it relates to matters material or immaterial—to matter of convenience or of substance.' This rule appears to have met general approval in this state, as well as elsewhere [citation]. Another rule equally well recognized in the construction of such a statute is that whether a statute is mandatory or directory depends upon the legislative intent as ascertained from the consideration of the whole act [citation]." (*Francis* v. *Superior Court* (1935) 3 Cal.2d 19, 28 [43 P.2d 300], quoting *Gallup* v. *Smith* (1890) 59 Conn. 354 [22 A. 334, 335, 12 L.R.A. 353]; accord, *Fort Emory Cove Boatowners Assn.* v. *Cowett* (1990) 221 Cal.App.3d 508, 516 [270 Cal.Rptr. 527]; *Friends of the Library of Monterey Park* v. *City of Monterey Park* (1989) 211 Cal.App.3d 358, 379 [259 Cal.Rptr. 358]; *Doyle* v. *Board of Supervisors* (1988) 197 Cal.App.3d 1358, 1364 [243 Cal.Rptr. 572].) Construction of the word "shall" as used in a statute was discussed in *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 133 [142 Cal.Rptr. 325]. The Court of Appeal, construing subdivision (b) of Civil Code section 1781, stated: "The word 'shall' is ordinarily 'used in laws, regulations, or directives to express what is mandatory.' (Webster's New Internat. Dict., Unabridged (3d ed. 1966) p. 2085, col. 3; see Black's Law Dict. (rev. 4th ed. 1968) p. 1541, col. 2 [citations].) 'May,' on the other hand, is usually permissive. The Legislature is very aware of this distinction and used 'shall' to describe the court's obligation under [Civil Code] section 1781, subdivision (b). This recognized meaning of 'shall' supports petitioner's interpretation of the statute. If the Legislature intended [a different meaning], it should have used the word 'may' to describe the court's duty." (75 Cal.App.3d at p. 133, fns. omitted.) The court also noted the Legislature had used both "shall" and "may" in Civil Code section 1781. The court stated: "It has been held where the Legislature has used both words in the same section it must be presumed to have attached to them their ordinary meanings [citations]." (75 Cal.App.3d at p. 133, fn. 8; *In re Richard E.* (1978) 21 Cal.3d 349, 353-354 [146 Cal.Rptr. 604, 579 P.2d 495]; *Abbett Electric Corp.* v. *Storek* (1994) 22 Cal.App.4th 1460, 1470 [27 Cal.Rptr.2d 845].) The *Hogya* court further explained: "However, justice is not the slave of grammar, and 'shall' has sometimes been judicially construed as directory or permissive [citation]. The pertinent principles of construction in this regard were summarized in *People* v. *Municipal Court,* 145 Cal.App.2d 767 . . . : ' "It is true that 'shall,' used in a statute, does not always import that its provisions are mandatory, *although in most cases it does*. . . ." [Citation.] The test is this: "If to construe it as directory would render it ineffective and meaningless it should not receive that construction." [Citations.]' " (75 Cal.App.3d at p. 134.) The test applied in *Hogya* has been adopted in numerous cases. (E.g.,

*Austin* v. *Department of Motor Vehicles* (1988) 203 Cal.App.3d 305, 309 [249 Cal.Rptr. 618]; *Morin* v. *ABA Recovery Service, Inc.* (1987) 195 Cal.App.3d 200, 205-206 [240 Cal.Rptr. 509], disapproved on another point in *Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 664 [25 Cal.Rptr.2d 109, 863 P.2d 179]; *People* v. *Heisler* (1987) 192 Cal.App.3d 504, 506-507 [237 Cal.Rptr. 452]; *California State Psychological Assn.* v. *County of San Diego* (1983) 148 Cal.App.3d 849, 859 [198 Cal.Rptr. 1].)

Applying these rules of construction to section 12960 compels the conclusion the word "shall" is mandatory. First, the Legislature used both "shall" and "may" in section 12960. Therefore, it must be presumed the Legislature attached to them their ordinary meaning. (*Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81, 86 [185 Cal.Rptr. 853]; *Hogya* v. *Superior Court*, *supra*, 75 Cal.App.3d at p. 133, fn. 8; *National Automobile etc. Co.* v. *Garrison* (1946) 76 Cal.App.2d 415, 417 [173 P.2d 67].) Second, the Legislature is very aware of the distinction between "shall" and "may"; if the Legislature intended the language "shall" as used in section 12960 to mean something other than that the requirement is mandatory, it would have used a different word. (*Austin* v. *Department of Motor Vehicles*, *supra*, 203 Cal.App.3d at p. 309; *Hogya* v. *Superior Court*, *supra*, 75 Cal.App.3d at p. 133.)

Moreover, considering the purpose and provisions of the statutory scheme as a whole, the requirement that a DFEH complaint include the name and address of persons who allegedly discriminated against the complainant serves an important function. The purpose of the FEHA "is to provide effective remedies which will eliminate discriminatory practices. (§ 12920.)" (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) As our Supreme Court explained in *Dyna-Med, Inc.*: " 'The law establishes that freedom from job discrimination on specified grounds, . . . is a civil right. (§ 12921.) It declares that such discrimination is against public policy (§ 12920) and an unlawful employment practice (§ 12940). [Fn. omitted.]' [Citation.] The statute creates two administrative bodies: the Department of Fair Employment and Housing (the department) (§ 12901), whose function is to investigate, conciliate, and seek redress of claimed discrimination (§ 12930), and the commission, which performs adjudicatory and rulemaking functions (§ 12935; see also § 12903). An aggrieved person may file a complaint with the department (§ 12960), which must promptly investigate (§ 12963). If the department deems a claim valid it seeks to resolve the matter—in confidence —by conference, conciliation, and persuasion. (§ 12963.7.) If that fails or

seems inappropriate, the department may issue an accusation to be heard by the commission. (§§ 12965, subd. (a), 12969.) The department acts as prosecutor on the accusation and argues the complainant's case before the commission. [Citations.] [¶] If an accusation is not issued within 150 days after the filing of the complaint or if the department earlier determines not to prosecute the case and the matter is not otherwise resolved, the department must give the complainant a 'right to sue' letter. The complainant may then bring a civil suit in superior court. (§ 12965, subd. (b); [citation].)" (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com., supra,* 43 Cal.3d at pp. 1383-1384.) Our Supreme Court explained the process when an accusation issues in *Peralta Community College Dist.* v. *Fair Employment & Housing Com.* (1990) 52 Cal.3d 40, 45-46 [276 Cal.Rptr. 114, 801 P.2d 357], as follows: "When . . . an accusation issues, the Commission holds a hearing. The hearings are full evidentiary proceedings governed by the California rules of evidence and conducted in accordance with the California Administrative Procedure Act (§ 11500 et seq.). (§ 12972.) The Department serves as prosecutor and advocate on the complainant's behalf and also bears the costs of the hearing. (§ 12969.) The hearing is presided over by an administrative law judge (ALJ) (§ 11512, subd. (a)), who renders a proposed decision to the Commission, which then either adopts the decision as its own or, after reviewing the administrative record, adopts a different decision (§ 11517). Either party can petition the superior court for a writ of administrative mandamus. (§ 11523; Code Civ. Proc., § 1094.5.) [¶] If the Commission finds that the respondent employer or labor union has engaged in an unlawful discrimination practice, it is required to state its findings of fact and determination and to issue and serve on the parties a cease and desist order. (§ 12970, subd. (a).) In addition, pursuant to section 12970, subdivision (a), the Commission is authorized to require the respondent to [take remedial action]." By requiring that a DFEH charge include the names and addresses of persons who allegedly discriminated against the complainant, the Legislature insured that the administrative investigation, conciliation attempts, and evidentiary proceedings would encompass the entire sphere of the alleged discrimination. To allow a complainant to sue individuals in a state court action on a FEHA cause of action without having brought them within the scope of the comprehensive administrative process by naming them as perpetrators of discrimination at the outset would undermine the purposes of the fair employment statute. The Legislature certainly did not intend that the administrative process should be circumvented by allowing a civil lawsuit under the FEHA against individuals who allegedly discriminated but who were not mentioned in the administrative charge. (See *Yurick* v. *Superior Court* (1989) 209 Cal.App.3d 1116, 1120-1123 [257 Cal.Rptr. 665], cited with approval in *Rojo* v. *Kliger, supra,* 52 Cal.3d at p. 83

[plaintiff whose DFEH charge alleged *gender* discrimination against her employer, a hospital, could not bring a civil lawsuit under the FEHA alleging *age* discrimination against her supervisor].) For these reasons, a claimant is required to exhaust his or her administrative remedies. (*Rojo* v. *Kliger, supra*, 52 Cal.3d at p. 83.)

We conclude section 12960 clearly mandates that aggrieved persons set forth in their DFEH complaint the names of *persons* alleged to have committed the unlawful discrimination. In order to bring a civil lawsuit under the FEHA, the defendants must have been named in the caption or body of the DFEH charge. We agree with our colleagues in Division Seven of this court that this rule "will lead to more speedy resolution of disputes at the administrative level and is in keeping with the requirement of exhaustion of administrative remedies." (*Valdez* v. *City of Los Angeles, supra*, 231 Cal.App.3d at p. 1061.) It follows that Dr. Brummel and Ms. Hinkel were entitled to a summary judgment and that this lawsuit must be dismissed as against them.

■ Plaintiff asserts a letter he wrote to the DFEH, prior to filing his administrative charge and in which he alleged discrimination by all three individual defendants, "performed the necessary function of providing the DFEH with information" he was alleging discrimination by those individuals. However, plaintiff cites no legal authority for the proposition his letter can substitute for a formal charge, and we have found no such authority. Further, section 12960 mandates the filing of a "verified complaint in writing" naming all persons alleged to have discriminated against the complainant. The statute does not authorize any alternative to the requirement of the filing of a "verified complaint in writing." Moreover, it would not be practical to allow an employee to substitute unverified information relayed to the DFEH in correspondence, or orally, for a formal administrative charge. The requirement of a "verified complaint in writing" ensures that all interested parties are on notice as to the substance of the allegations.

Plaintiff also refers, briefly, to evidence the DFEH prepared the original and amended administrative complaints in this case. He states: "When [plaintiff] filed both his initial and amended charges against the District, the DFEH rather than [plaintiff] prepared them." However, even though plaintiff did not prepare the charges himself, he did sign the charges, and there is no evidence he was prevented from amending the allegations contained therein.

Having previously written an unverified letter to the DFEH outlining his discrimination claims, plaintiff cannot claim he was unaware the original and amended administrative verified complaints were incomplete.[3]

B. *The Merits of the Discrimination Claim**

. . . . . . . . . . . . . . . . . . . . . . . . . .

## III. DISPOSITION

The summary judgment is reversed as to defendants, the Antelope Valley Union High School District and E. Michael Rossi. The summary judgment is affirmed as to the remaining defendants, Kenneth Brummel and Darlene Hinkel. Plaintiff, Keith L. Cole, is to recover his costs on appeal, jointly and severally, from defendants, Antelope Valley Union High School District and E. Michael Rossi. Defendants, Kenneth Brummel and Darlene Hinkel, are to recover their costs on appeal from plaintiff.

Godoy Perez, J., concurred.

**ARMSTRONG, J.,** Concurring and Dissenting.—I concur in the majority opinion insofar as it affirms the summary judgment as to Dr. Brummel and Mrs. Hinkel on the ground that as to them plaintiff failed to exhaust his administrative remedies. I dissent from that part of the opinion which reverses the summary judgment as to the district and Mr. Rossi on the discrimination claim, for I conclude that as a matter of law, plaintiff has failed to "demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a racially discriminatory

---

[3] A comment about language on the DFEH form is in order. As noted above, the form does not request the names of *individuals* who allegedly discriminated against the employee. The form states: "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)" That language has been repeatedly criticized as ambiguous in failing to request, consistent with section 12960, the names of *persons* as well. (*Saavedra* v. *Orange County Consolidated Transportation etc. Agency, supra,* 11 Cal.App.4th at pp. 827-828; *Martin* v. *Fisher, supra,* 11 Cal.App.4th at p. 122; *Valdez* v. *City of Los Angeles, supra,* 231 Cal.App.3d at pp. 1062-1063 (dis. opn. of Johnson, J.).) We agree that the language should be changed. However, it is of no consequence here. We do not hold an employee must name all potential defendants in the caption of the administrative charge; we hold only that they must at least be named in the body of the "verified complaint" filed with the DFEH.

*See footnote, *ante,* page 1505.

decision." (*McDonnell Douglas Corp.* v. *Green* (1973) 411 U.S. 792, 805 [36 L.Ed.2d 668, 679, 93 S.Ct. 1817].)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

---

*See footnote, *ante*, page 1505.