Juanita L. WATSON, Plaintiff—
Appellant,

v.

CHUBB & SONS, INC., a Corporation;
Anne Riggs, an individual,
Defendants—Appellees.

No. 00–57155.

D.C. No. CV–00–00993–AHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2002.*

Decided Feb. 13, 2002.

---

* This panel unanimously finds this case suit-

able for decision without oral argument. See

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

## MEMORANDUM**

Juanita Watson appeals the district court's grant of summary judgment in favor of her employer, Chubb & Sons, Inc., on her claims of disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

 Watson failed to timely exhaust her administrative remedies under FEHA. To bring a civil action under FEHA, Watson should have filed a written charge with the Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful employment discrimination. Cal. Gov't Code § 12960. Watson did not file her disability discrimination claim until fourteen months after she was terminated, although she timely filed her race discrimination complaint. Filling out a pre-complaint questionnaire, alone, was insufficient to exhaust her administrative remedies with respect to her disability claims. *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 55 Cal.Rptr.2d 443, 448–49 (1996) (holding that FEHA does not authorize any alter-

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

native to the requirement of the filing of a verified complaint in writing). Although an administrative complaint may be read to encompass any discrimination "like or reasonably related" to the allegations in the charge, Watson's timely race discrimination complaint did not provide a factual basis for her tardy disability discrimination complaint. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 899 (9th Cir.2001).

Finally, we find no basis to equitably excuse Watson's tardiness. Even if we credit Watson's assertion that she did not solicit the advice of her retained counsel at the time she filed her race discrimination complaint with DFEH, the record shows that she consulted another attorney regarding the disability discrimination complaint before the statute of limitations had expired. Moreover, she was notified by a DFEH caseworker of the impending deadline. Despite having actual knowledge of the statute of limitations, she filed her complaint two months late and waited an entire year before filing a civil action alleging disability discrimination. These facts undermine her claim that she exercised due diligence in preserving her legal rights. *See Scholar v. Pac. Bell*, 963 F.2d 264, 267–68 (9th Cir.1992). We will not apply the doctrine of equitable tolling to excuse Watson's own negligence. *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir.1998).

AFFIRMED.