Delilah MARTIN, Plaintiff—Appellant,

v.

**UNITED AUTO WORKERS UNION, LOCAL 6645; et al., Defendants— Appellees.**

No. 03–57175.

D.C. No. CV–02–05595–WJR.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**12**

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM**

Delilah Martin appeals pro se the district court's summary judgment in favor of the United Auto Workers Union Local 6645 ("UAW") and the General Motors Corporation ("GM") in her action alleging unlawful discrimination and breach of her union collective bargaining agreement in conjunction with a summer job. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001) (en banc), and we affirm.

The district court properly granted summary judgment on Martin's race and sex

** This disposition is not appropriate for publication and may not be cited to or by the

discrimination claims under Title VII because she failed to first raise these claims with the EEOC. *See* 42 U.S.C. § 2000e–16(c); *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir.2001).

The district court properly concluded that Martin's race discrimination claims against GM under the California Fair Employment and Housing Act ("FEHA") were time-barred because she filed these claims with the California Department of Fair Employment and Housing ("DFEH") more than a year after the alleged discrimination. *See* Cal. Gov't Code § 12960(d) (requiring that a charge of discrimination must be filed within one year). The district court properly concluded that Martin's FEHA claims against UAW were also barred because she did not first raise these claims with the DFEH. *See Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal.App.4th 1505, 1515, 55 Cal.Rptr.2d 443 (1996).

The district court properly granted summary judgment on Martin's breach of contract claim against GM because the claim was preempted by 29 U.S.C. § 185(a) (section 301 of the Labor Management Relations Act of 1937), and Martin failed to exhaust her remedies under her union collective bargaining agreement ("CBA"). *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

The district court properly granted summary judgment on Martin's breach of contract claim against UAW because the CBA did not create a right that was directly enforceable by an individual employee against the union. *See United Steelworkers v. Rawson*, 495 U.S. 362, 372–73, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court properly dismissed Martin's breach of the duty of fair representation claims against UAW as time-barred because Martin filed her complaint more than six months after her union notified her that it was not pursuing her claims against GM. *See Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir.1998).

The district court did not abuse its discretion in awarding costs to UAW. *See Sea Coast Foods, Inc. v. Lu–Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1060 (9th Cir.2001).

Martin's remaining contentions lack merit.

**AFFIRMED.**